# ITASCA LUMBER COMPANY v. ALLIE M. JOHNSON.[1]

January 5, 1917.

Nos. 20,042—(105).

**Registration of title — assumption of mortgage.**

Application to register title. Applicant claimed title through John W. Johnson who bought from the purchaser at sale on foreclosure of a mortgage given by Allie M. Johnson. Latter made a timber deed to John W. Johnson and claimed latter agreed to pay the prior mortgage, and the subsequent purchase from the mortgage after sale operated as payment of the mortgage. There was no proof that applicant was a *bona fide* purchaser from J. W. Johnson. Hence defendant claimed applicant's title was no better than J. W. Johnson's. For 20 years Allie M. Johnson paid no taxes and made no inquiry about his title. The trial court found J. W. Johnson did not make the agreement claimed. *Held*: The finding was not so unsupported by evidence as to require a reversal. [Reporter.]

**Covenant to pay taxes — purchase of title by covenantor.**

An agreement in the timber deed to pay the taxes and turn the land back to Allie M. Johnson at the end of the term did not prevent the grantee from acquiring title through the mortgage against which the grantor had covenanted. [Reporter.]

Application to the district court for Itasca county by the Itasca Lumber Company to register title to real estate. Allie M. Johnson filed his separate answer and alleged that he was the owner in fee simple of part of the land described. The matter was heard before Stanton, J., who made findings and ordered judgment in favor of applicant. Allie M. Johnson's motion to amend the findings and to enter judgment in his favor notwithstanding the findings, or for a new trial, was denied. From the order denying his motion for judgment notwithstanding the findings or for a new trial, he appealed. Affirmed.

*William P. Harrison, R. M. Hughes and Francis H. De Groat*, for appellant. *R. J. Powell and H. W. Volk*, for respondent.

PER CURIAM.

This is a proceeding under the Torrens act to register land in Itasca

[1]Reported in 160 N. W. 784.

county. There were findings for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

On July 25, 1891, Allie M. Johnson was the owner of the land. At that time he mortgaged it to Michael McAlpine. On March 11, 1892, he gave the timber deed with full covenants to John W. Johnson. This deed gave the right to cut and remove the timber within ten years, and until the expiration of such period the grantee was to pay the taxes. McAlpine foreclosed and bid in on September 28, 1892. On May 23, 1893, John W. Johnson purchased the interest acquired on foreclosure. There was no redemption. The plaintiff, Itasca Lumber Company, claims through John W. Johnson. It is not shown that it or any of its grantors was a *bona fide* purchaser. Allie M. Johnson claims that, when he gave the timber deed to J. W. Johnson, the latter agreed as a part of the consideration of it to pay the McAlpine mortgage; that his subsequent purchase of the interest acquired on foreclosure therefore operates as payment; and that since the plaintiff is not shown to be a purchaser for value and without notice its title is no better than that of J. W. Johnson. The basis of the defendant's claim is that J. W. Johnson assumed and agreed to pay the McAlpine mortgage. The court found that he did not. The defendant testified to such agreement, and his testimony was not directly contradicted. He paid no taxes at any time after the execution of the deed. For a number of years, at least for six or eight, he knew that J. W. Johnson had sold the land. He made no inquiry and did nothing about his present claim for over 20 years. His conduct was inconsistent with his present claim. The burden of proof was upon him. Upon the whole we cannot say that the finding is not supported. The evidence was such as amply to sustain a finding that an assumption agreement was made. The finding is not so palpably against the evidence that there should be a reversal. Reaching this conclusion we do not enter upon an inquiry whether, in view of the warranties in the timber deed, Allie M. Johnson could show by parol that John W. Johnson assumed the mortgage.

In the timber deed J. W. Johnson agreed to pay the taxes and turn the land back to Allie M. Johnson at the expiration of the term. There was nothing in this agreement to prevent J. W. Johnson acquiring title through the McAlpine mortgage against which Allie M. Johnson had covenanted.

Order affirmed.